In re JET FLORIDA SYSTEM, INC.,
f/k/a Air Florida System,
Inc., Debtor.

In re AIRPORT SYSTEMS, INC., f/k/a
Air Florida System, Inc., Debtor.

JET FLORIDA, INC., Plaintiff,

v.

CARLTON, FIELDS, WARD, EMMANU-
EL, SMITH, CUTLER & KENT,
P.A., Defendant.

CARLTON, FIELDS, WARD, EMMANU-
EL, SMITH, CUTLER & KENT, P.A.,
Third-Party Plaintiff,

v.

John OLSON, Third-Party Defendant.

Bankruptcy No. 84–1223–BKC–SMW.
Adv. No. 87–0101–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

June 4, 1987.

See also, 73 B.R. 552, 68 B.R. 134.

Kenneth W. Taber, Christy & Viener, New York City, Jerry M. Markowitz, Markowitz, Davis & Ringel, Miami, Fla., for Jet Florida.

Alan G. Greer, Floyd, Pearson, Richman, Greer Weil, Zack & Brumbaugh, Miami, Fla., for Carlton, Fields.

Michael Josephs, Haddad, Josephs & Jack, Coral Gables, Fla., for John Olson.

Timothy J. Norris, Weil, Gotshal & Manges, Miami, Fla., for Carlton, Fields.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came before the Court for trial on April 13, 14 and 23, 1987, on Jet Florida's Motion for Relief from Award of Attorney's Fees and its Complaint for an Accounting, for Turnover, and for Further Relief. The Court heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Jet Florida's Motion and its Complaint relate to an award of attorneys' fees to Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A. ("Defendant"), as counsel for the debtors and debtors-in-possession in these Chapter 11 cases, and to a sum of money received by Defendant pre-petition which, after allowing for offsets for pre-petition services, totalled $31,822.06. The Court has jurisdiction to hear the Motion and the issues raised in the Complaint pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

With respect to the issues raised by the Motion and the first count of the Complaint, the Court finds that the sum of $31,822.06 was property of the debtors' estates which should be turned over to Jet Florida as the successor to the debtors pursuant to their confirmed plan of reorganization. Defendant admitted that it made a mistake by retaining this property of the estate, which the Court finds to have been intentionally retained without authority. The Court, therefore, in the exercise of its

discretion to set fees for professionals employed by debtors-in-possession, as a sanction for the retention of the property of the estate, will order a partial disgorgement of the fees awarded and paid to the Defendant in the sum of $50,000, to be paid to Jet Florida. *See* 11 U.S.C. §§ 329, 330, and 1129 and Bankruptcy Rules 2016 and 2017. The Court finds that it would not be an appropriate remedy to order the disgorgement of the fees paid to Defendant, except as hereinabove stated.

The Court further finds, on the issues raised by the second and third counts of the Complaint, that Jet Florida failed to prove that there have been breaches of fiduciary duty by Defendant to the debtors and also failed to prove its allegations of civil theft under §§ 812.014 and 812.035, *Florida Statutes*.

The Court finds that Defendant failed to prove the allegations of its first and second counterclaims of intentional interference and civil conspiracy. (The trial of the third counterclaim, for services performed by Defendant to Jet Florida after the confirmation of the plan of reorganization, was severed, and the Court finds that there is no just reason to delay entry of judgment in the matters tried and ruled upon herein and accordingly will enter a final judgment which will provide that the Court retain jurisdiction to resolve the third counterclaim.) In addition, the Court finds that Defendant failed to prove that third-party defendant should be held liable on the allegations of the third-party complaint.

The Court will enter a separate Order on the Motion deeming it moot and a Final Judgment in conformity herewith.

### FINAL JUDGMENT

In conformity with the Findings of Fact and Conclusions of Law of even date, it is

ORDERED and ADJUDGED that the plaintiff Jet Florida, Inc. recover of defendant Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., on the first count of its complaint the sum of $81,-822.06 with interest thereon at the rate of 7.02 percent as provided by law and take nothing on the second and third counts of its complaint, which are dismissed with prejudice; that defendant Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., take nothing of plaintiff Jet Florida, Inc. on the first and second counts of its counterclaims, which are dismissed with prejudice, and take nothing of third-party defendant John Olson on its third-party complaint, which is dismissed with prejudice; and that plaintiff Jet Florida, Inc., and third-party defendant John Olson recover of the defendant Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., their costs of action on appropriate motion.